## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **KARLA SICAEROS** § <br> **ON BEHALF OF HERSELF AND ALL** § <br> **SIMILARLY SITUATED EMPLOYEES,** § <br> § <br> PLAINTIFFS, § <br> vs. § <br> § <br> **MONARCHY MEDIA, LLC,** § <br> **MICAELA RUDARI, NICOLE TABS,** § <br> **ANDREA D'AGOSTINI, EMMET OSBOURN,** § <br> **DENTAL GAME PLAN,** § <br> **AND JOSH SUMMERS,** § <br> § <br> DEFENDANTS. § | NO. 6:23-cv-411 <br><br> **JURY DEMAND** |

## **ORIGINAL COMPLAINT**

COMES NOW Plaintiff Karla Sicaeros, on behalf of herself and all similarly situated employees ("Plaintiffs"), and for their Original Complaint ("Complaint") against Defendants Monarchy Media, LLC, Micaela Rudari, Nicole Tabs, Andrea D'Agostini, Emmet Osbourn, Dental Game Plan, and Josh Summers ("Defendants"), states and alleges as follows:

### INTRODUCTION

1. Defendants improperly classified Plaintiff and other similarly situated workers as independent contractors. Defendants further failed to pay Plaintiffs at least minimum wage for all hours worked and an overtime premium for those hours worked in excess of forty in a workweek.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA") and the Texas Labor Code, which requires non-exempt employees to be compensated for at least minimum wage for all hours worked and one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek. *See* U.S.C. §207(a) and Texas Labor Code §62.051.

3. On behalf of herself and all other similarly situated employees, Plaintiff brings this lawsuit as a collective action under the FLSA, 29 U.S.C. §216(b) and a class action under Rule

23 of the Federal Rules of Civil Procedure. Members of the collective action and class action are referred to hereinafter as the "Plaintiff Class Members."

4. This is an action brought by Plaintiff against Defendants for violations of the minimum wage provisions of the Texas Labor Code §62.051 and the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

5. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, penalties, prejudgment interest, and a reasonable attorney's fee and costs.

## JURISDICTION AND VENUE

6. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Waco Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

8. Plaintiff Karla Sicaeros is an individual that was a resident of Bell County, Texas, at the time that the events this cause of action arose.

9. The Plaintiff Class Members are all current and former call center employees located throughout the United States that worked for Defendants during the three-year period before the filing of this Complaint.

10. Defendant Monarchy Media, LLC, is company that is doing business in Bell County, Texas, and may be served by serving its registered agent for service of process, Nicole Tabibzadeh, 628 Cleveland Street, Unite 1211, Clearwater, FL 33756.

11. Defendant Micaela Rudari is an individual who can be served at Defendant Monarchy's primary place of business which is 628 Cleveland St., Apt 1211, Clearwater, FL 33756. Defendant Rudari operates Defendant Monarchy Media in Bell County, Texas. Defendant Campbell is a manager and officer of Monarchy Media, LLC.

12. Defendant Nicole Tabs is an individual who can be served at Defendant Monarchy's primary place of business which is 628 Cleveland St., Apt 1211, Clearwater, FL 33756. Defendant Tabs operates Defendant Monarchy Media in Bell County, Texas. Defendant Campbell is a manager and officer of Monarchy Media, LLC.

13. Defendant Andrea D'Agostini is an individual who can be served at Defendant Monarchy's primary place of business which is 628 Cleveland St., Apt 1211, Clearwater, FL 33756. Defendant D'Agostini operates Defendant Monarchy Media in Bell County, Texas. Defendant Campbell is a manager and officer of Monarchy Media, LLC.

14. Defendant Emmett Osborn is an individual who can be served at Defendant Monarchy's primary place of business which is 628 Cleveland St., Apt 1211, Clearwater, FL 33756. Defendant Osborn operates Defendant Monarchy Media in Bell County, Texas. Defendant Campbell is a partner of Monarchy Media, LLC.

15. Defendant Dental Game Plan, is company that is doing business in Bell County, Texas, but has failed to designate a registered agent for service of process, and therefore may be served through the Texas Secretary of State's, Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, or Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

16. Defendant Josh Summers is an individual who can be served at Defendant Monarchy's primary place of business which is 628 Cleveland St., Apt 1211, Clearwater, FL 33755. Defendant Summers operates Defendant Dental Game Plan in Bell County, Texas. Defendant Campbell is a manager or officer of Defendants Dental Game Plan and Monarchy.

### COVERAGE

17. At all material times, Defendants have been an employer within the meaning of 29 U.S.C. §203(d).

18. At all material times Defendants have been an enterprise within the meaning of 29 U.S.C. §203(r).

19. Based on information and belief, at all material times, Defendant MTAH Enterprises, LLC, has had an annual gross business volume of not less than $500,000.

20. At all material times, Plaintiffs and Plaintiff Class Members were individual employees who engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §207.

### FACTUAL ALLEGATIONS

21. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. At all times material herein, Plaintiff and Plaintiff Class Members have been entitled to the rights, protections, and benefits provided under the FLSA.

23. Defendants had Plaintiff Sicaeros perform work a call center supervisor and project manager during the period from about May 2020 until December 2022.

24. As a call center supervisor and later a project manager, Plaintiff Sicaeros' primary duties were to work with customers and clients of Defendant Dental Game Plan and/or Defendant Monarchy.

25. Defendants directly hired Plaintiff, controlled her work schedules, duties, protocols, applications, assignments, and employment conditions, and kept at least some records regarding their employment.

26. Defendants further provided all equipment needed for Plaintiff to perform her job duties for Defendants and provided all equipment necessary for Plaintiffs to perform their work.

27. Plaintiff Sicaeros did not have the authority to hire/fire or use her independent judgment in managing other employees of Defendants.

28. Defendant improperly classified Plaintiffs and Plaintiff Class Members as independent contractors and improperly deemed them as exempt from the minimum wage and overtime requirements of the FLSA.

29. Plaintiff's work followed the usual path of employer-employee relationships; Defendants treated Plaintiff as an independent contractor only for tax purposes and for the benefit and convenience of the Defendants.

30. Defendants, at all times relevant hereto, knew that Plaintiffs and Plaintiff Class Members were acting as employees rather than as independent contractors, and treated Plaintiffs as employees for all purposes except the manner in which Plaintiffs and Plaintiff Class Members were compensated.

31. Defendants required regular attendance at company meetings and events.

32. Defendants did not pay Plaintiff on a salary basis.

33. Plaintiff did not financially invest in Defendants' businesses.

34. Plaintiff did not share in Defendants' profits or losses.

35. Defendants, not Plaintiff, set prices for services for Defendants' clients and customers.

36. Defendants determined Plaintiff's pay scale without input from or negotiation with Plaintiff.

37. Defendants, not Plaintiff, decided whether and how many other call center supervisors, project managers, and other workers to hire.

38. Plaintiff was hired to work for Defendants for a continuous and ongoing period of time.

39. Plaintiff was hired to work for Defendants on an exclusive basis.

40. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

41. Defendants set policies and rules that Plaintiff was required to follow.

42. Defendants made decisions on advertising Defendants' business without input from Plaintiff.

43. Plaintiff regularly worked hours over 40 per week.

44. Defendants failed to pay Plaintiff for all the hours that she worked.

45. Plaintiff did not qualify for any exemption to overtime rules as stated in the FLSA.

46. At all relevant times herein, Defendants have deprived Plaintiff of proper minimum wage for all hours worked and proper overtime compensation for all of the hours worked over forty per week.

47.  Defendants knew or should have known that Plaintiff was working hours that went unrecorded and uncompensated.

48.  Defendants knew, or showed reckless disregard for whether they were proper classified, and the way they classified and paid Plaintiff and their other actions in violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49.  Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

50.  Plaintiff brings this action individually and on behalf of all other individuals similarly situated pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were employed by Defendants within the meaning of the FLSA. The proposed collective is defined as follows:

> All persons who worked for Defendants as Call Center employees, or as Project Managers, or in other positions that were classified as independent contractors at any time within three years prior to the commencement of this action ("Collective"), and who were not paid all wages earned and due for hours worked.

51.  Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and their consent forms are attached as Exhibit A.

52.  As this case proceeds, it is expected that additional individuals will file consent forms and join as opt-in Plaintiffs.

53.  Defendants' failure to pay Plaintiffs and the Collective members the minimum wage and overtime premiums results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of individual Plaintiffs or Collective members.

54.  Plaintiffs estimate the size of the Collective to be at least 20. The precise size of the Collective can be ascertained from records of the Defendants.

55.  Defendants failed to pay the Plaintiffs and the Collective the minimum wage and overtime premiums.

56.  Defendants' conduct was widespread, repetitious, and consistent.

57. Defendants' conduct was willful and in bad faith.

## COUNT I
## Violation of the FLSA – Minimum Wage

58. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

59. To date, Defendants have not paid the Plaintiffs and those similarly situated the FLSA minimum wage within the period between at least March 2020 and the present.

60. During workweeks within the period between March 2020, and the present, Defendants paid Plaintiffs and those similarly situated less than the minimum hourly wage per hour as required under 29 U.S.C. § 206(a)(1) because Defendants did not pay Plaintiff for all hours worked.

61. Defendants acted willfully or with reckless disregard as to their obligation to pay workers a minimum hourly wage, and, accordingly, the violation was willful for purposes of the Fair Labor Standards Act, 29 U.S.C. §§ 255(a) and 260.

62. As a result of Defendants' unlawful conduct, Plaintiffs have incurred loss of wages in an amount to be determined at trial, along with liquidated damages, penalties, attorney's fees, and costs of litigation.

## COUNT II
## VIOLATION OF THE FLSA - OVERTIME

63. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

64. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. S 201, *et. seq*.

65. At all relevant times, Defendants have been, and continued to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. S 203.

66. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all

hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. S 213 and all accompanying DOL regulations.

67.     Defendants misclassified Plaintiff as exempt from the requirements of the FLSA by wrongfully classifying her as an independent contractor.

68.     Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff 1.5x their regular rate for all hours worked in excess of 40 per week.

69.     Defendants failed to pay Plaintiff a sufficient minimum wage for all hours worked.

70.     Defendants knew or should have known that their actions violated the FLSA.

71.     Defendant's conduct and practices, as described above, were willful.

72.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. S 216(b).

74.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff on behalf of herself and all other similarly situated employees, respectfully pray that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Issue an order permitting this matter to proceed as a collective action;

B.      Order prompt notice, pursuant to 29 U.S.C. §216(b) to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    C.    Enter a declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and the Texas Labor Code, and its related regulations;

    D.    Award Plaintiff and Class Members judgment for damages suffered equal to all unpaid wages including both minimum wage for hours worked and overtime premiums for all weeks where Plaintiff worked in excess of 40 hours, under the FLSA and its related regulations;

    E.    Award Plaintiffs and Class Members judgment for liquidated damages owed pursuant to the FLSA and the Texas Labor Code, and its related regulations;

    F.    Award Plaintiffs and Class Members judgment for liquidated damages owed pursuant to the Texas Labor Code;

    G.    An order directing Defendants to pay Plaintiff and Class Members interest, all reasonable attorney's fee and all costs connected with this action; and

    H.    Such other and further relief as this Court may deem just and proper.

    I.    Plaintiff hereby demands a trial by jury.

**/s/ Mark D Downey**

Mark D. Downey, *attorney in charge*
Texas Bar No. 00793637
5308 Ashbrook
Houston, Texas 77081
Phone: 214-764-7279
mdowney@dlawgrp.com

**ATTORNEYS FOR PLAINTIFF**